NOT FOR PUBLICATION

```
                                  UNITED STATES DISTRICT COURT
                                     DISTRICT OF NEW JERSEY


ANTONIO LUZARDO,                  :

            Petitioner,           :
                                        Civil Action No. 03-2962(JWB)
                                  :     (Criminal No. 99-228(AJL)
      v.
                                  :
UNITED STATES OF AMERICA,               O P I N I O N
                                  :
            Respondent.
                                  :
```

**APPEARANCES**:

    ANTONIO LUZARDO, pro se
    Reg. No. 22433-050
    FCI Fort Dix, Unit 5802
    P.O. Box 7000
    Fort Dix, New Jersey  08640

    CHRISTOPHER J. CHRISTIE
    United States Attorney
    By:  Lisa Rose
         Assistant United States Attorney
    Federal Building
    970 Broad Street
    Newark, New Jersey  07102
    (Attorney for Respondent)

**BISSELL**, Chief Judge

    This matter comes before the Court on a motion filed by Petitioner Antonio Luzardo pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence.  The grounds for

this motion are as follows: (1) Petitioner's sentence violated the principle established in Apprendi v. New Jersey, 530 U.S. 466 (2000), because the quantity of drugs was not proven to the jury beyond a reasonable doubt, (2) the sentence violates Blakely v. Washington, 124 S.Ct. 2531 (2004), (3) the Government failed to serve the 21 U.S.C. § 851 sentence enhancement upon Petitioner, (4) the Government's filing of the Enhanced Penalty was vindictive, and (5) ineffective assistance of counsel.

## PROCEDURAL HISTORY

On or about May 3, 1999 a single count indictment charged Santiago Giraldo and Petitioner Antonio Luzardo with conspiring to distribute and possessing with the intent to distribute in excess of 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The time frame of the conspiracy was from "at least as early as December 1998 through at least on or about April 28, 1999."  See Indictment, Attached to Gov't. Opp'n, Ex. A.  During that same period of time, Petitioner was on parole for a prior felony drug conviction.  His parole term expired on March 9, 1999.  See Presentence Investigation Report ("PSR"), at 17, Attached to Gov't. Opp'n, Ex. B.  On or about June 17, 1999, the Government served notice on Petitioner that at sentencing it would seek to prove that the quantity of heroin at issue exceeded one kilogram and if proven, Petitioner would face the mandatory minimum term of imprisonment of 10 years and a maximum term of

imprisonment for life.  See Notice Regarding Quantity, Attached to Gov't. Opp'n, Ex. C.  The Notice also advised Petitioner that should he have a prior drug-related conviction, and should the Government file an Enhanced Penalty Information pursuant to 21 U.S.C. § 851, the Petitioner's penalties after conviction would then be increased to a mandatory minimum term of 20 years imprisonment and a maximum term of life imprisonment.  Id.

On June 22, 1999, before the commencement of trial and before a jury was sworn, the Government announced to Petitioner and the Court that it intended to file an Enhanced Penalty Information pursuant to 21 U.S.C. §§ 851 and 841(b)(1)(A) based upon his prior felony drug conviction.  See Gov't. Opp'n at 2; see also Trial Transcript, 26.  The Court then gave Petitioner and his counsel the opportunity to discuss, inter alia, the effect of the proposed information and Petitioner's desire, if any, to plead guilty.  See Trial Transcript, 30-36.  The Government subsequently filed the Enhanced Penalty Information. See June 22, 1999 Enhanced Penalty Information, Attached to Gov't. Opp'n, Ex. E; see also Trial Transcript, 37.  On June 22, 1999 the trial commenced in this District Court before the Hon. Alfred J. Lechner, Jr., continuing through June 24, 1999 when a jury convicted both Petitioner and co-defendant Giraldo.

Thereafter, Petitioner wrote a series of letters to the District Court waging various complaints against his trial

-3-

attorney, Mr. Marc Wolin. The District Court, after appointing new counsel, Mr. Lawrence Lustberg, conducted three post-trial, pre-sentencing hearings with regard to his claim that Mr. Wolin was ineffective. At that time, Petitioner also unsuccessfully applied to have Mr. Lustberg removed. See July 19, 1999, November 3, 1999 and November 18, 1999 Transcripts. On March 6, 2000, Judge Lechner ruled that Petitioner's trial counsel was not ineffective. See March 6, 2000 Transcript. On June 1, 2000, Judge Lechner determined that Petitioner was responsible for 1,452.7 grams of heroin and, pursuant to 21 U.S.C. §§ 851(a) and 841(b)(1)(A), sentenced him to the applicable statutory minimum sentence of 240 months imprisonment. Id.

On June 9, 2000, Petitioner filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit raising the following challenges to his conviction and sentence: (1) he was improperly denied his constitutional right to testify in his own defense; (2) the Government failed to present sufficient evidence that he participated in a conspiracy to possess with intent to distribute heroin; (3) the district court's sentence under § 841(b)(1)(A) violated the teachings of Apprendi, and (4) the district court erred in enhancing his sentence for obstruction of justice. See June 28, 2001 Opinion, Attached to Gov't. Opp'n, Ex. J. The Third Circuit affirmed the Petitioner's conviction and sentence on all grounds. The Third Circuit held,

inter alia, that because Petitioner's sentence fell within the statutory maximum, Apprendi did not apply.  See June 28, 2000 Opinion, at 20.  Luzardo petitioned the United States Supreme Court for a writ of certiorari; however, this petition was denied on June 28, 2002.  On June 17, 2003, Petitioner filed the instant habeas petition with this Court.  On October 23, 2003, the undersigned issued an Order which afforded Petitioner the opportunity to withdraw his original pleading and file an all inclusive Section 2255 Petition.  Petitioner withdrew the June 17th motion and filed a new Section 2255 petition on November 23, 2003.[1]  Thereafter, on July 16, 2004, Petitioner, in reply to the Government's Opposition to his petition, attacked his conviction on Blakely grounds.

### DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255; see also U.S. v. Rosendary, 152 F.Supp.2d 835, 838 (W.D.Pa. 2001).

---

[1] Luzardo's original petition included a claim that the PSR was biased and inaccurate; however, Petitioner did not include this claim in his November 23, 2003 petition.

"Relief under this provision is generally available only in exceptional circumstances to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  Rosendary, at 838 (quoting U.S. v. Gordon, 979 F.Supp. 337, 339 (E.D.Pa. 1997); Hill v. U.S., 368 U.S. 424, 428 (1962)) (internal quotations omitted).

Title 28 U.S.C. § 2255 generally "may not be employed to relitigate questions which were raised and considered on direct appeal."  U.S. v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993)(quoting Barton v. U.S., 791 F.2d 265, 267 (2d Cir. 1986)).  Moreover, with regard to those claims which were never raised on direct appeal, the Supreme Court's decision in U.S. v. Frady, 456 U.S. 152 (1982), reaffirmed the "cause and actual prejudice standard" which was first enunciated in Davis v. U.S., 411 U.S. 233 (1973).  DeRewal, at 103.  Under this standard, "a convicted defendant must show both (1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  Id. (quoting Frady, at 168)).  It is well recognized, however, that a claim of ineffective assistance of counsel should be raised under Section 2255 rather than on direct appeal.  DeRewal, at 103-04.  In light of the above, the majority of Petitioner's claims would be procedurally barred; notwithstanding, this Court will address them on the merits.

**A.  Luzardo's Apprendi Claim**

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court articulated a new rule of constitutional law: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  The Third Circuit decided that because Luzardo's sentence of 240 months fell within the statutory maximum, Apprendi did not apply.  The Supreme Court's decisions in Blakely and Booker cast doubt upon this conclusion; however, the Court need not address it because Apprendi does not apply retroactively to cases on collateral review.  U.S. v. Swinton, 333 F.3d 481, 482 (3d Cir. 2003).

**B.  *Enhanced Penalty Information***

Title 21 U.S.C. § 851(a)(1) states, inter alia,

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Petitioner claims that he "never received a copy or was served with a copy of the filed § 851 information before trial, nor does the Docket sheet mention at what time the information was filed, and if a copy was served on the defendant."  Pet. Br.

-7-

at 10.  However, Section 851(a)(1) does not require the United States attorney to serve the defendant with a copy of the "filed" information.  It is undisputed that the Government served Petitioner with the requisite enhancement documents and, therefore, Petitioner's allegation is unfounded.  See U.S. v. Carvajal-Minota, 706 F.Supp. 726, 727 (N.D.Cal. 1989)(notice can be accomplished simply by handing the enhancement information to the defense attorney in court prior to trial).

### C. Petitioner's Claim that the Government's Filing of the Enhanced Penalty was Vindictive

Petitioner argues that he was threatened by the Government and told that if "he went to trial an 851 enhancement which would double his sentence would be filed with the Court."  Pet. Reply at 8.  Petitioner claims that because he exercised his right to go to trial, his sentence was doubled.  Id.  Luzardo's prior felony drug conviction afforded the Government the right to file an Enhanced Penalty Information pursuant to 21 U.S.C. § 851.  While Luzardo was free to accept the Government's plea bargain up until the day of trial, he declined to do so.  Moreover, Luzardo was provided a document which highlighted the Government's intent to seek an enhanced sentence based upon Petitioner's prior felony drug conviction.  Luzardo has not directed this Court to any evidence which would support his allegation that the Government's actions were vindictive; therefore, this claim must fail.

-8-

### *D.  Applicability of Blakely v. Washington*

In <u>Blakely</u>, the Supreme Court held that "other than the fact of a prior conviction, any fact that increaseS the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  124 S.Ct. 2531, 2534 (2004).  At the time Petitioner filed his reply, <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), had not been decided.  "Drawing upon its reasoning in <u>Jones</u>[2], <u>Apprendi</u> and <u>Blakely</u>, the <u>Booker</u> majority held that mandatory enhancement of a sentence under the Guidelines, based on facts found by the court alone, violates the Sixth Amendment."  <u>United States v. Davis</u>, 2005 WL 976941, *1 (3d Cir. April 28, 2005).  To redress this infirmity, the Supreme Court excised the provision of the statute which made the application of the Sentencing Guidelines mandatory.

The <u>Booker</u> decision "brought about sweeping changes in the realm of federal sentencing."  <u>See</u> <u>Davis</u>, at *1.  However, <u>Booker</u> is only applicable to cases on direct review and, therefore, does not apply to Petitioner's claims  <u>Id</u>.

### *E.  Petitioner's Ineffective Assistance of Counsel Claim*

Petitioner attempts to raise an ineffective assistance of counsel claim in his reply papers; however, he alleges no facts to substantiate such a claim.  Accordingly, this Court finds such

---

[2]  <u>Jones v. United States</u>, 526 U.S. 227 (1999).

allegations to be meritless.

## CONCLUSION

For the foregoing reasons, Petitioner's motion seeking to vacate, set aside or correct his sentence is denied.

```
                              /s/    John W. Bissell
                                   JOHN W. BISSELL
                                     Chief Judge
                              United States District Court
```

DATED:  August 15, 2005